LAW OFFICES

# PETER W. TILL

105 MORRIS AVENUE, SUITE 201
SPRINGFIELD, NEW JERSEY 07081
(973) 258-0064

PETER W. TILL*
*Admitted to NJ & DC Bar

YALE HAN▲
▲Admitted to NJ & NY Bar

FACSIMILE (973) 258-0478
EMAIL: TILLLAW@AOL.COM

January 30, 2008

**VIA ELECTRONIC FILING**

United States District Court Clerk
United States District Court
District of New Jersey
465 Dr. Luther King, Jr. Boulevard
Newark, New Jersey 07102

Re: **Elizabeth Silver Fagan and Edward D. Fagan**
**vs.**
**Margaret Rogers, et al. and**
**Baldwin & Associates Construction, Inc., et al.**
**Superior Court,**
**Essex County Docket No.: ESX-L-7205-07**

Dear Sir/Madam:

This office represents the Defendants and Additional Defendants for Injunctive Relief with regard to the above-captioned matter.

Enclosed herewith for filing please find a "Notice of Filing/Notice of Removal", accompanying Certificate of Service and $350.00 filing fee (a copy of the Amended Complaint is also enclosed for the Court's reference).

Respectfully,

/s/ Peter W. Till
Peter W. Till

PWT/amm
Encls.
cc: Superior Court Clerk, Essex County (via Same Day New Jersey Lawyer's
Service – original and two copies)
Elizabeth Silver Fagan (w/encl.)
Edward D. Fagan, Esq. (w/encl.)

**LAW OFFICES OF PETER W. TILL**
105 Morris Avenue – Suite 201
Springfield, New Jersey 07801
(973) 258-0064
Attorneys for Defendants and
Additional Defendants for Injunctive Relief

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH SILVER FAGAN<br>EDWARD D. FAGAN,<br><br>     Plaintiff,<br><br>v.<br><br>DAVID H. JAFFE, MARGARET E. JAFFE,<br>KENN KIMM ROGERS, MINDY JAFFE<br>ROGERS<br><br>     Defendants.<br><br>and<br><br>BALDWIN & ASSOCIATES CONSTRUCTION<br>INC., BALDWIN ASSOCIATES INC.;<br>BALDWIN ASSOCIATES LLC; NEW<br>BALDWIN ASSOCIATES, LLC; MAYFLOWER<br>REALTY CO. LLC; BEST VALLEY REALTY;<br>DAVID JAFFE MANAGEMENT CO.;<br>LAKESIDE GARDEN APARTMENTS; SO.<br>CLINTON PARTNERSHIP and VILLAGE<br>APARTMENTS;<br>THE JAFFE FAMILY 2002 IRREVOCABLE<br>TRUST; THE JAFFE FAMILY 2003<br>IRREVOCABLE TRUST; THE JAFFE FAMILY<br>2004 IRREVOCABLE TRUST; THE JAFFE<br>FAMILY 2005 IRREVOCABLE TRUST;<br>MINDY JAFFE ROGERS, TRUSTEE OF<br>ASSETS AND TRUST ASSETS OF DAVID H.<br>JAFFE AND MARGARET E. JAFFE; MINDY<br>JAFFE ROGERS, OWNER/PRIMARY<br>BENEFICIARY OF WHOLE LIFE INSURANCE<br>POLICIES ISSUED BY PACIFIC LIFE<br>INSURANCE CO. POLICY NUMBERS<br>UNKNOWN ON LIFE OF DAVID H. JAFFE<br>AND MARGARET E. JAFFE; MINDY JAFFE<br>ROGERS, PRIMARY BENEFICIARY OF<br>TERM LIFE INSURANCE POLICIES ISSUED | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.:  ESX-L-7205-07<br><br><br><br>             *Civil Action*<br><br><br>       **NOTICE OF FILING**<br>      **NOTICE OF REMOVAL** |

BY NORTH AMERICAN LIFE INSURANCE
CO. POLICY #S UNKNOWN ON LIFE OF
DAVID H. JAFFE AND MARGARET E.
JAFFE; MINDY JAFFE ROGERS,
OWNER/PRIMARY BENEFICIARY OF TERM
LIFE INSURANCE CO. POLICY #S
UNKNOWN ON LIFE OF DAVID H. JAFFE
AND MARGARET E. JAFFE;

      Additional Defendants for
      Injunctive Relief.

To:    Elizabeth Silver Fagan
      10 Ferncliff Terrace
      Short Hills, New Jersey 07078
      Plaintiff Pro Se

      Edward D. Fagan, Esq.
      5 Penn Plaza, 23rd Floor
      New York, NY 10001
      Plaintiff Pro Se

S I R:

      **PLEASE TAKE NOTICE** that in the above-entitled action, Defendants and the

additional Defendants for Injunctive Relief have this day filed a Notice of Removal, a

copy of which is attached hereto, in the Office of the Clerk of the United States District

Court for the District of New Jersey.  You are also advised that the Defendants and the

additional Defendants for Injunctive Relief upon filing of said Notice of Removal filed a

copy of the Notice with the Clerk of the Superior Court of New Jersey, Law Division,

Essex County, which has effected this removal, in accordance with 28 U.S.C. § 1446(b).

                    **LAW OFFICES OF PETER W. TILL**
                    **Attorneys for Defendants and Additional**
                    **Defendants for Injunctive Relief**

                    /s/ Peter W. Till
Dated January 30, 2008      Peter W. Till

Elizabeth Silver-Fagan
10 Ferncliff Terrace, Short Hills, NJ 07078
Tel # 973-699-3380 - Plaintiff Pro Se

Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor, New York, NY 10001
Tel. # (917) 239-4989 - Plaintiff Pro Se

```
--------------------------------------------------------X  SUPERIOR COURT OF NEW JERSEY
Elizabeth Silver Fagan                                  :  ESSEX COUNTY – LAW DIVISION
Edward D. Fagan,                                        :
                                        Plaintiffs      :
            vs.                                         :
David H. Jaffe, Margaret E. Jaffe,                      :
Kenn Kimm Rogers, Mindy Jaffe Rogers,                   :
                                        Defendants      :
            - and -                                     :          Docket # L-7205-07
Baldwin & Associates Construction Inc.;                 :
Baldwin Associates Inc.; Baldwin Associates LLC         :
New Baldwin Associates LLC; Mayflower Realty            :
Co Inc.; Mayflower Realty Co. LLC; Best Valley          :
Realty; David Jaffe Management Co; Lakeside             :
Garden Apartments; So Clinton Partnership               :
and Village Apartments;                                 :
The Jaffe Family 2002 Irrevocable Trust;                :
The Jaffe Family 2003 Irrevocable Trust;                :
The Jaffe Family 2004 Irrevocable Trust;                :
The Jaffe Family 2005 Irrevocable Trust;                :
Mindy Jaffe Rogers, Trustee of Assets and Trust        :
   Assets of David H. Jaffe and Margaret E. Jaffe;     :
Mindy Jaffe Rogers, Trustee of Life Insurance Trust :       AMENDED COMPLAINT
   Indentures of David H. Jaffe & Margaret E. Jaffe; : WITH JURY DEMAND
Mindy Jaffe Rogers, Owner / Primary Beneficiary        :
   of Whole Life Insurance Policies Issued by Pacific:
   Life Insurance Co. Policy Numbers Unknown on        :
   Life of David H. Jaffe and Margaret E. Jaffe;       :
Mindy Jaffe Rogers, Primary Beneficiary of Term        :
   Life Insurance Policies Issued by North American :
   Life Insurance Co. Policy #s Unknown on            :
   Life of David H. Jaffe and Margaret E. Jaffe;       :
Mindy Jaffe Rogers, Owner/Primary Beneficiary of :
   Term Life Insurance Policies Issued by Guardian :
   Life Insurance Co. Policy #s Unknown on Life of :
   David H. Jaffe and Margaret E. Jaffe;               :
                          Additional Defendants        :
                          For Injunctive Relief        :
--------------------------------------------------------X
```

NEW JERSEY
DEC 3 1 2007

Plaintiffs, as and for their Amended complaint against Defendants, hereby state, upon information and belief the following:

## PARTIES

1) Plaintiff, Elizabeth Silver-Fagan ("Silver-Fagan") is domiciled in Short Hills, New Jersey, within the County of Essex and in this Vicinage.

2) Plaintiff, Edward D. Fagan ("Fagan") is domiciled in New Jersey and maintains offices in New York, New York.

3) Defendant Margaret E. Rogers ("Rogers") is domiciled in the State of New Jersey, at 73 Beechwood Road, Summit, NJ   07076.

4) Defendant David H. Jaffe ("D. Jaffe") is the grandfather of Rogers and is domiciled in the State of New Jersey at 16 Chiplou Lane, Scotch Plains, NJ 07076.

5) Defendant Margaret Jaffe ("M. Jaffe") is the grandmother of Rogers domiciled in the State of New Jersey at 16 Chiplou Lane, Scotch Plains, NJ 07076.

6) Defendant Kenn Kimm Rogers ("K. Rogers") is the father of Rogers and is domiciled in State of Florida at 1720 SW 2nd Avenue, Boca Raton, FL   33432.

7) Defendant Mindy A. Rogers ("M. Rogers") is the mother of Rogers and is domiciled in the State of Florida at 1720 SW 2nd Avenue, Boca Raton, FL   33432.

8) Defendant Baldwin & Associates Construction Inc. is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ   07080.

9) Baldwin Associates Inc. is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from

2

which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

10) Baldwin Associates LLC is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

11) New Baldwin Associates LLC is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

12) Mayflower Realty Co Inc. is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

13) Mayflower Realty Co. LLC is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

14) Best Valley Realty is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

15) David Jaffe Management Co. is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered

and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

16) Lakeside Garden Apartments is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

17) So Clinton Partnership is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

18) Village Apartments is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which resources were used to assist in the damages that Plaintiffs suffered and is located at 4475 South Clinton Ave, So. Plainfield, NJ 07080.

19) The Jaffe Family 2002 Irrevocable Trust is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which Defendant Mindy Rogers regularly depletes assets that are needed to pay damages that Plaintiffs suffered and is located at c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL 33432.

20) The Jaffe Family 2003 Irrevocable Trust is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which Defendant Mindy Rogers regularly depletes assets that are needed to pay damages that Plaintiffs suffered and is located at c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL 33432.

21) The Jaffe Family 2004 Irrevocable Trust is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which Defendant Mindy Rogers regularly depletes assets that are needed to pay damages that Plaintiffs suffered and is located at c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL 33432.

22) The Jaffe Family 2005 Irrevocable Trust, is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which Defendant Mindy Rogers regularly depletes assets that are needed to pay damages that Plaintiffs suffered and is located at c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL 33432.

23) Life Insurance Trust Indentures of David H. Jaffe and Margaret E. Jaffe is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which Defendant Mindy Rogers regularly depletes assets that are needed to pay damages that Plaintiffs suffered and is located at c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL 33432.

24) Whole Life Insurance Policies Issued by Pacific Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the damages that Plaintiffs suffered and/or from which Defendant Mindy Rogers regularly depletes assets that are needed to pay damages that Plaintiffs suffered and is located at c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL 33432.

25) Term Life Insurance Policies Issued by North American Life Insurance Co., Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, is an entity through which Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the

5

damages that Plaintiffs suffered and/or from which Defendant Mindy Rogers regularly

depletes assets that are needed to pay damages that Plaintiffs suffered and is located at c/o

Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432.

26) Term Life Insurance Policies Issued by Guardian Life Insurance Co. Policy Numbers

Unknown on Life of David H. Jaffe and Margaret E. Jaffe, is an entity through which

Defendants Jaffe transfer and/or conceal monies that are needed to secure and pay for the

damages that Plaintiffs suffered and/or from which Defendant Mindy Rogers regularly

depletes assets that are needed to pay damages that Plaintiffs suffered and is located at c/o

Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432.

### JURISDICTION & VENUE

27) The Court has jurisdiction over the complaint because one or more of the parties domicile is

in the State of New Jersey, the acts which give rise to the complaint occurred in the State of

New Jersey and as to those Defendants who are domiciled in the State of Florida, pursuant to

NJSA 4:4-4 et seq. ("NJ's long arm statute").

28) The Court also has jurisdiction over the Equity Defendants or Defendants against which

Injunctive Relief is sought including Baldwin & Associates Construction Inc., Baldwin

Associates Inc., Baldwin Associates LLC, New Baldwin Associates LLC, Mayflower Realty

Co Inc., Mayflower Realty Co. LLC, Best Valley Realty, David Jaffe Management Co,

Lakeside Garden Apartments, So Clinton Partnership, Village Apartments, The Jaffe Family

2002 Irrevocable Trust, The Jaffe Family 2003 Irrevocable Trust, The Jaffe Family 2004

Irrevocable Trust, The Jaffe Family 2005 Irrevocable Trust, Life Insurance Trust Indentures

of David H. Jaffe and Margaret E. Jaffe, Whole Life Insurance Policies Issued by Pacific Life

Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe,

Term Life Insurance Policies Issued by North American Life Insurance Co., Policy Numbers

6

Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies

Issued by Guardian Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe

and Margaret E. Jaffe insofar as they are NJ entities or assets owned or controlled by

Defendants Jaffe and Rogers, that are located in NJ and which are needed to secure and pay

for the damages that Plaintiffs suffered and/or from which Defendant Mindy Rogers

regularly depletes assets that are needed to pay damages that Plaintiffs suffered and which

are located in the State of New Jersey.

29) This action is properly venued in the County of Essex because it is plaintiff Silver-Fagan's

domicile and some of the acts occurred in this county.

### FIRST CAUSE OF ACTION

30) Defendant Rogers has severe emotional, psychological and psychiatric problems for which

she requires but at all times relevant to this complaint was unable to seek and obtain help[1].

31) At all times relevant to this complaint, Defendants D. Jaffe, M. Jaffe, K. Rogers and M.

Rogers are responsible for and/or have helped facilitate negligent and/or wrongful acts that

have been committed by Rogers against Plaintiffs.

---

[1] Defendant Rogers' condition was in fact the result of long-term physical and emotional abuse, and other documented acts of violence and extreme negligent acts that were inflicted upon her by one or more of Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers. The exact acts that were committed against Defendant Rogers and that led to her becoming dangerous to plaintiffs, to others and to herself will be filed with this Court upon the entry of an appropriate Confidentiality Order. These acts, documents and evidence will show the joint and several responsibility of Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers for the conditions from which Defendant Rogers suffers and how they conspired to keep the facts concealed to prevent embarrassment and/or liability to themselves. These acts, documents and evidence will also show how Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers conspired with each other to wrongfully have Defendant Rogers confined to various treatment facilities, concealing their wrongful acts and also depriving Defendant Rogers of necessary treatment, which led and contributed to her severe conditions. The documents and evidence will also show how Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers conspired to conceal assets and to thereby defraud publicly funded institutions and taxpayers by neglecting their responsibilities to help Defendant Rogers get the necessary and appropriate treatment to shift responsibility for her care and treatment to others, as they did to Plaintiff Silver Fagan. Plaintiffs will file these records with the Court after the entry of an appropriate Confidentiality Order so that the records can be reviewed by the Court and referred as the Court may deem necessary to the appropriate government, regulatory authorities and/or agencies for further investigation into Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers' actions.

32) At all times relevant to this complaint, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers are responsible for the conditions from which Defendant Rogers suffered and which led to the damages caused to Plaintiffs.

33) At all times relevant to this complaint, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers were part of an ongoing pattern, scheme and conspiracy to deprive Defendant Rogers of the necessary treatment for the severe emotional, psychological and psychiatric problems for which she suffered and which they caused or contributed to.[2]

34) Defendant Rogers' behavior, conditions and actions are the result of the aforesaid wrongful acts committed against her or neglect of Defendant Rogers' conditions and/or needs by Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers.

35) At all times relevant to this complaint, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers are responsible for and/or have helped facilitate negligent and/or wrongful acts that have been committed by Rogers against Plaintiffs.

36) As a direct result of what Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers did to her, Defendant Rogers started to live the life of a "grifter".

37) Defendant Rogers (i) married people for money, (ii) defrauded people out of money and (iii) takes money and other items of value, goods, services and housing, through acts of deception and theft.

38) Defendant Rogers committed acts of violence against persons when they do not do what she tells them to do.

---

[2] Upon information and belief, Plaintiffs have learned that since the filing of this complaint additional evidence has come to light to show the ongoing wrongful acts by one or more of these Defendants involving other relatives of Defendant Rogers for whom Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers are also responsible and which acts will support Plaintiffs claims herein. This evidence can be addressed after the entry of an appropriate Confidentiality Order and will show the extent of Defendants wrongful acts that led to the severe and unfortunate physical and psychological conditions and trauma from which Defendant Rogers' suffers.

39) Defendant Rogers engaged in deception and trickery to get innocent persons to trust, like and feel sorry for her and then she proceeded to turn them into "marks" from whom she stole monies and other items of value.

40) Defendant Rogers conditions make her a danger to herself and to others.

41) At all times relevant to this action, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers were responsible for creating and/or exacerbating Defendant Rogers' emotional conditions, actions and conduct.

42) At all times relevant to this action, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers were responsible for creating and/or exacerbating Defendant Rogers conditions and actions including her defrauding people out of monies and items of value, her acts of violence against others, her deception, trickery and the other acts and conduct that made/make her a danger to herself and others.

43) At all times relevant to this action, because of their involvement with and responsibility for Defendant Rogers actions and conditions, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers had a duty (i) to provide Defendant Rogers with medical and/or psychiatric assistance; (ii) to protect third parties from becoming targets/victims of the acts, injuries and damages that they knew and/or could reasonably anticipate would be caused by Defendant Rogers; and (iii) to warn third parties of Defendant Rogers' conditions, which led her to defraud people out of monies and items of value, to commit acts of violence against others, and her other acts of deception, trickery and other wrongs that made/make her a danger to herself and others, all of which Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers.

44) In or about October 2006, Plaintiff Silver-Fagan met Defendant Rogers.  After that meeting, Defendant Rogers' set out on the course of action that was part of her modus operandi and

which was something that Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers knew would lead to damages being suffered by Plaintiff Silver-Fagan.

45) Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers knew of Defendant Rogers relationship with Plaintiff Silver-Fagan and on various occasions met Plaintiff Silver-Fagan.

46) During these meeting Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers concealed from Plaintiff Silver-Fagan the severe emotional conditions from which Defendant Rogers suffered and the wrongful acts, course of conduct, injuries and other damages they knew or had reason to believe Defendant Rogers would inflict or cause to Plaintiff Silver-Fagan.

47) At the time they concealed and/or withheld information from Plaintiff Silver-Fagan, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers were aware that others had been victimized by / suffered damages from Defendant Rogers' conduct and other wrongful acts.

48) At times relevant to Plaintiffs cause of action, Defendant Rogers was over the age of 18 and was technically considered an adult.

49) Because of the severe damage done to her, trauma inflicted upon her and neglect of her needs, by Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers, Defendant Rogers cannot be held totally responsible for her actions and by their actions Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers turned an otherwise kind, loving and good person into a person who was a danger to herself and others.

50) Because of the severe damage done, trauma inflicted and neglect of needs, by Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers, they created/allowed a dangerous person, Defendant Rogers, to be in a position where she was certain to cause damages to Plaintiff Silver Fagan and others.[3]

---

[3] The conditions from which Defendant Rogers suffers and how Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers contributed to and/or aggravated the conditions, such that they "turned" Defendant Rogers into such a dangerous person, are documented in medical records of the Division of Youth & Family

51) During the period from October 2006 to August 2007, Defendant Rogers stole or obtained by theft, deceit from Plaintiff Silver-Fagan monies, items of value, travel and entertainment, medical benefits and room and board.

52) Through deceit and fraud, Defendant Rogers tricked Plaintiff Silver-Fagan to enter into a domestic partnership and then a civil union so that Defendant Rogers could enter Plaintiff Silver-Fagan's house and gain access to Plaintiff Silver-Fagan's financial resources.

53) Defendant Rogers' stole and/or obtained by fraud or deceit monies, items of value, travel and entertainment and room and board from Plaintiff Silver-Fagan based repeated promises to repay Plaintiff Silver-Fagan monies Plaintiff Silver-Fagan was spending to help her because Defendants D. Jaffe, M. Jaffe, M. Rogers and K. Rogers failed to help her and with promises that monies would be repaid from one of the equity defendants or other assets listed herein that Defendant Rogers was to receive or in which she had interests (and which the other Defendants confirmed) from Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers.

54) On one or more occasion, it was confirmed that Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers were in fact going to be giving such monies to Defendant Rogers.

55) During the period from October 2006 to August 2007, Defendant Rogers refused to get and keep a job, refused to contribute to the extra costs that Plaintiff Silver Fagan incurred by allowing Defendant Rogers into the house and access to her financial resources.

56) In addition and unbeknownst to Plaintiff Silver-Fagan during this time, Defendant Rogers used non-prescription narcotics which made her violent toward Plaintiff Silver-Fagan.

---

Services (from the period when Defendant Rogers was between the ages of 12 - 19 years old), University of Medical & Dentistry of New Jersey in Rutherford, KidsPeace & Woodbridge Diagnostic and Police Records in various townships in New Jersey. The records will also be kept confidential and Plaintiffs will apply for the entry of an appropriate Confidential order so that during discovery of Defendants and so as to demonstrate the known/ documented, and potential additional, wrongful acts upon which liability is predicated against these Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers, the records of Defendant Rogers and other persons and acts by other persons that are identified in and relate to the allegations of this complaint are kept Confidential to these proceedings.

57) During the period from October 2006 to June 2007, Plaintiff Silver-Fagan met or spoke with Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers on numerous occasions. At no time did Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers warn Plaintiff Silver-Fagan of Defendant Rogers' dangerous conditions or frauds they knew she had committed against others and was in the process of committing against Plaintiff Silver-Fagan.

58) Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers failed to warn Plaintiff Silver-Fagan that Defendant Rogers used non-prescription narcotics which made her violent to Plaintiff Silver-Fagan and others.

59) Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers failed to warn Plaintiff Silver-Fagan, of the wrongful acts that Defendant Rogers was going to commit against Plaintiff Silver-Fagan and others.

60) Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers failed to warn Plaintiff Silver-Fagan, that Defendant Rogers was dangerous to Plaintiff Silver-Fagan and her children.

61) In about June/July 2007, Plaintiff Fagan started to discover Defendant Rogers' dangerous conditions and the frauds that Defendant Rogers committed against others and was in the process of committing against Plaintiff Silver-Fagan.

62) In about June/July 2007, Plaintiff Fagan started to discover Defendant Rogers' dangerous conditions, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers concealed or attempted to conceal from Plaintiff Silver Fagan their involvement and responsibility for the conditions from which Defendant Rogers.

63) In or about June/July/August 2007, Defendant Rogers started to become violent and threatened violence against Plaintiff Silver-Fagan and her children.

64) When Plaintiff Silver-Fagan sought to protect herself and sought assistance from Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers to help her avoid the damages that Defendant Rogers was causing, they intentionally ignored Plaintiff Silver-Fagan's pleas for help.

65) In response to her requests for help, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers that they would have nothing to do with Defendant Rogers, that Defendant Rogers was Plaintiff Silver Fagan's problem and they would do nothing to help protect Plaintiff Silver Fagan, or to help their own granddaughter.

66) At all times relevant to the complaint Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers ignored Plaintiff Silver Fagan's requests for help to protect herself from damages from Defendant Rogers and to help their granddaughter Defendant Rogers.

67) At all times relevant to the complaint, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers provided assistance to, aided and abetted and/or helped facilitate wrongful acts that they knew Defendant Rogers was in the process of committing and/or intended to commit against Plaintiff Silver Fagan.

68) Plaintiff Fagan (the ex-husband of Plaintiff Silver-Fagan) came back into Plaintiff Silver-Fagan's home because of Defendant Rogers to protect Plaintiff Fagan and their children.

69) Starting in August 2007, Defendant Rogers' deceit, fraud, theft and dangerous conditions became worse and became known to Plaintiff Fagan.

70) In late August 2007, Defendant Rogers was asked to leave Plaintiff Silver Fagan alone, to vacate the premises and to stay away from Plaintiff Silver Fagan's family.

71) Instead of leaving peacefully, with the knowledge, encouragement and assistance of Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers, Defendant Rogers embarked on a new course of action against Plaintiff Silver Fagan and this time she included Plaintiff Fagan.

72) Defendant Rogers made harassing telephone calls, distributed disparaging emails and filed frivolous complaints with municipal, county and state authorities against Plaintiff Silver-Fagan and Plaintiff Fagan.

73) With the knowledge and assistance of Defendants D. Jaffe, M. Jaffe, Defendant Rogers took the following acts against Plaintiffs:

    a)  Filed multiple false reports and complaints in Essex County against Plaintiffs in an effort to get Plaintiffs in trouble with authorities and in an effort to extort monies or other things of value from Plaintiffs;

    b)  Filed multiple false reports and complaints in Union County against Plaintiffs in an effort to get Plaintiffs in trouble with authorities which led to Plaintiffs arrest and in an effort to extort monies or other things of value from Plaintiffs;

    c)  Impersonated and stole Plaintiffs' identity so as to cause damages to Plaintiffs; and

    d)  Has caused the publication of libelous, slanderous and/or defamatory statements about Plaintiff Silver-Fagan.

74) The above acts were committed with knowledge and/or assistance of Defendants K. Rogers and M. Rogers.

75) At all times relevant hereto, as a direct result of the physical and psychological abuse, failure to stop the physical and psychological abuse, neglect of needs, concealment of acts and conditions that were causing damages to Defendant Rogers, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers caused their granddaughter Defendant Rogers to suffer from conditions that turned her into a dangerous person and from which at times she was incapable of controlling her own actions.

14

76) At all times relevant hereto, Defendant Rogers, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers failed to supervise, control and/or provide proper medical and/or psychological care, treatment and support for Defendant Rogers, so as to prevent the harm to third parties that they knew would or could be caused by Defendant Rogers.

77) At all times relevant hereto, Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers failure to supervise, control and/or provide proper medical and/or psychological care, treatment and support for Defendant Rogers, was negligent, careless and/or reckless.

78) As a direct and proximate result of Defendants' aforesaid negligent, careless, reckless and/or other wrongful acts,

   a) Plaintiff Silver-Fagan suffered personal, physical and emotional injuries;

   b) Plaintiff Silver-Fagan suffered and continue to suffer monetary losses through the fraud, extortion and theft committed against her by, as well as the costs and damages suffered in having to defend and protect herself and her children;

   c) Plaintiff Silver-Fagan and Plaintiff Fagan are and continue to be fearful for the safety of themselves and their children;

   d) Plaintiff Silver-Fagan and Plaintiff Fagan suffered and continue to suffer other emotional stress;

   e) Plaintiff Fagan suffered and continue to suffer monetary losses resulting from fraudulent, negligent and other wrongful acts, as well as costs/damages, including damages to his business, that resulted from having to defend and protect himself, Plaintiff Silver-Fagan and his children;

   f) Plaintiff Silver-Fagan and Plaintiff Fagan suffered and continue to suffer other monetary and non-monetary damages.

15

79) In view of the foregoing, Plaintiffs Silver-Fagan and Plaintiff Fagan, demand judgment jointly, severally and/or in the alternative against Defendant Rogers, D. Jaffe, M. Jaffe, K. Rogers and M. Rogers for (i) restitution to Plaintiff Silver Fagan in the full amount of monies, items of value, travel, entertainment, health care, room and board, in an amount to be determined by the trier of fact, (ii) payment for the personal, emotional injuries and other damages in the amount of Ten Million Dollars ($10,000,000.00) suffered by Plaintiff Silver-Fagan, (iii) payment for the personal, business losses, emotional injuries and other damages suffered by Plaintiff Fagan in the amount of Ten Million Dollars ($10,000,000.00), (iv) seizure of a reasonable amount in the trust fund and/or other monies or property, including any and all available insurance polices that are presently in the custody, possession or control or insure the assets of Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers, including assets that are due to be or are in the process of being turned over to Defendant Rogers so that these monies are available to satisfy Plaintiffs' damages and so that Defendant Rogers does not abscond or flee the jurisdiction and so the other Defendants D. Jaffe, M. Jaffe, K. Rogers and M. Rogers do not remove assets from the jurisdiction in an effort to avoid having to pay the damages suffered and claimed herein by Plaintiffs, (v) for interest and costs of suit and (vi) for such other relief as the Court deems just and equitable.

## SECOND CAUSE OF ACTION

80) Plaintiffs reiterate and incorporate herein each and every one of the allegations as set forth above in paragraphs 30 to 79 as if the same were set forth fully and at length herein.

81) Equity Defendants or Defendants against which Injunctive Relief is sought including Baldwin & Associates Construction Inc., Baldwin Associates Inc., Baldwin Associates LLC, New Baldwin Associates LLC, Mayflower Realty Co Inc., Mayflower Realty Co. LLC, Best Valley Realty, David Jaffe Management Co, Lakeside Garden Apartments, So Clinton

Partnership, Village Apartments, The Jaffe Family 2002 Irrevocable Trust, The Jaffe Family 2003 Irrevocable Trust, The Jaffe Family 2004 Irrevocable Trust, The Jaffe Family 2005 Irrevocable Trust, Life Insurance Trust Indentures of David H. Jaffe and Margaret E. Jaffe, Whole Life Insurance Policies Issued by Pacific Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by North American Life Insurance Co., Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by Guardian Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, are entities through which Defendants D. Jaffe, M. Jaffe, M. Rogers and K. Rogers have and continue to transfer and/or convey assets so as to protect them from creditors such as Plaintiffs.

82) Defendant Rogers has an equity interest in, ownership interest in and/or entitlement to assets of Baldwin & Associates Construction Inc., Baldwin Associates Inc., Baldwin Associates LLC, New Baldwin Associates LLC, Mayflower Realty Co Inc., Mayflower Realty Co. LLC, Best Valley Realty, David Jaffe Management Co, Lakeside Garden Apartments, So Clinton Partnership, Village Apartments, The Jaffe Family 2002 Irrevocable Trust, The Jaffe Family 2003 Irrevocable Trust, The Jaffe Family 2004 Irrevocable Trust, The Jaffe Family 2005 Irrevocable Trust, Life Insurance Trust Indentures of David H. Jaffe and Margaret E. Jaffe, Whole Life Insurance Policies Issued by Pacific Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by North American Life Insurance Co., Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by Guardian Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe.

17

83) Defendants D. Jaffe, M. Jaffe, M. Rogers and K. Rogers have or are in the process of depleting, encumbering or conveying away assets in Baldwin & Associates Construction Inc., Baldwin Associates Inc., Baldwin Associates LLC, New Baldwin Associates LLC, Mayflower Realty Co Inc., Mayflower Realty Co. LLC, Best Valley Realty, David Jaffe Management Co, Lakeside Garden Apartments, So Clinton Partnership, Village Apartments, The Jaffe Family 2002 Irrevocable Trust, The Jaffe Family 2003 Irrevocable Trust, The Jaffe Family 2004 Irrevocable Trust, The Jaffe Family 2005 Irrevocable Trust, Life Insurance Trust Indentures of David H. Jaffe and Margaret E. Jaffe, Whole Life Insurance Policies Issued by Pacific Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by North American Life Insurance Co., Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by Guardian Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, such that they are prejudicing Defendant Rogers interests in these assets, which interests are necessary to satisfy damages that Plaintiffs have suffered.

84) There is a reasonable probability that if Defendants D. Jaffe, M. Jaffe, M. Rogers and K. Rogers are not enjoined from depleting, encumbering or conveying away assets in Baldwin & Associates Construction Inc., Baldwin Associates Inc., Baldwin Associates LLC, New Baldwin Associates LLC, Mayflower Realty Co Inc., Mayflower Realty Co. LLC, Best Valley Realty, David Jaffe Management Co, Lakeside Garden Apartments, So Clinton Partnership, Village Apartments, The Jaffe Family 2002 Irrevocable Trust, The Jaffe Family 2003 Irrevocable Trust, The Jaffe Family 2004 Irrevocable Trust, The Jaffe Family 2005 Irrevocable Trust, Life Insurance Trust Indentures of David H. Jaffe and Margaret E. Jaffe, Whole Life Insurance Policies Issued by Pacific Life Insurance Co. Policy Numbers

Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by North American Life Insurance Co., Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by Guardian Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, such that there will not be sufficient assets to satisfy damages that Plaintiffs have suffered.

85) In view of the foregoing, Plaintiffs demand injunctive and/or equitable relief against Defendants jointly, severally and/or in the alternate, as follows (i) enjoining Defendants D. Jaffe, M. Jaffe, M. Rogers and K. Rogers from depleting, encumbering or conveying away assets in Baldwin & Associates Construction Inc., Baldwin Associates Inc., Baldwin Associates LLC, New Baldwin Associates LLC, Mayflower Realty Co Inc., Mayflower Realty Co. LLC, Best Valley Realty, David Jaffe Management Co, Lakeside Garden Apartments, So Clinton Partnership, Village Apartments, The Jaffe Family 2002 Irrevocable Trust, The Jaffe Family 2003 Irrevocable Trust, The Jaffe Family 2004 Irrevocable Trust, The Jaffe Family 2005 Irrevocable Trust, Life Insurance Trust Indentures of David H. Jaffe and Margaret E. Jaffe, Whole Life Insurance Policies Issued by Pacific Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by North American Life Insurance Co., Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, Term Life Insurance Policies Issued by Guardian Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe and (ii) the imposition of a constructive trust upon such assets are necessary to satisfy damages that Plaintiffs have suffered.

Dated: December 31, 2007

_____
Elizabeth Silver-Fagan

Dated: December 31, 2007

_____
Edward D. Fagan, Esq.

19

## JURY DEMAND

In accordance with NJSA R. 4:35-1, Plaintiffs hereby demand a trial by jury.

Dated: December 31, 2007

_____
Elizabeth Silver-Fagan

Dated: December 31, 2007

_____
Edward D. Fagan, Esq.

20

## JURY DEMAND

In accordance with NJSA R. 4:35-1, Plaintiffs hereby demand a trial by jury.

Dated: December 31, 2007

_____
Elizabeth Silver-Fagan

Dated: December 31, 2007

_____
Edward D. Fagan, Esq.

20

----------------
David Jaffe Management Co, 4475 South Clinton Ave, So. Plainfield, NJ  07080

----------------
Lakeside Garden Apartments, 4475 South Clinton Ave, So. Plainfield, NJ  07080

----------------
So Clinton Partnership, 4475 South Clinton Ave, So. Plainfield, NJ  07080

----------------
Village Apartments, 4475 South Clinton Ave, So. Plainfield, NJ  07080

----------------
The Jaffe Family 2002 Irrevocable Trust,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------
The Jaffe Family 2003 Irrevocable Trust,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------
The Jaffe Family 2004 Irrevocable Trust,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------
The Jaffe Family 2005 Irrevocable Trust,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------
Life Insurance Trust Indentures of David H. Jaffe and Margaret E. Jaffe,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------
Whole Life Insurance Policies Issued by Pacific Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, c/o Trustee/Beneficiary Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------
Term Life Insurance Policies Issued by North American Life Insurance Co., Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, c/o Trustee/Beneficiary Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------
Term Life Insurance Policies Issued by Guardian Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, c/o Trustee/Beneficiary Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

---

[Note: Adopted July 13, 1994, effective September 1, 1994; amended June 28, 1996, effective September 1, 1996; address/phone information updated July 1, 1999, effective September 1, 1999; amended July 12, 2002 to be effective September 3, 2002; amended July 27, 2006 to be effective September 1, 2006; address/phone information updated October 10, 2006 to be effective immediately; address/phone information updated November 1, 2006 to be effective immediately; address/phone information updated November 17, 2006 to be effective immediately.]

----------------

David Jaffe Management Co, 4475 South Clinton Ave, So. Plainfield, NJ  07080

----------------

Lakeside Garden Apartments, 4475 South Clinton Ave, So. Plainfield, NJ  07080

----------------

So Clinton Partnership, 4475 South Clinton Ave, So. Plainfield, NJ  07080

----------------

Village Apartments, 4475 South Clinton Ave, So. Plainfield, NJ  07080

----------------

The Jaffe Family 2002 Irrevocable Trust,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------

The Jaffe Family 2003 Irrevocable Trust,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------

The Jaffe Family 2004 Irrevocable Trust,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------

The Jaffe Family 2005 Irrevocable Trust,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------

Life Insurance Trust Indentures of David H. Jaffe and Margaret E. Jaffe,
      c/o Trustee Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------

Whole Life Insurance Policies Issued by Pacific Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, c/o Trustee/Beneficiary Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------

Term Life Insurance Policies Issued by North American Life Insurance Co., Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, c/o Trustee/Beneficiary Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

----------------

Term Life Insurance Policies Issued by Guardian Life Insurance Co. Policy Numbers Unknown on Life of David H. Jaffe and Margaret E. Jaffe, c/o Trustee/Beneficiary Mindy Rogers, 1720 SW 2nd Avenue, Boca Raton, FL  33432

**LAW OFFICES OF PETER W. TILL**
105 Morris Avenue – Suite 201
Springfield, New Jersey 07801
(973) 258-0064
Attorneys for Defendants and
Additional Defendants for Injunctive Relief

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELIZABETH SILVER FAGAN<br>EDWARD D. FAGAN,<br><br>      Plaintiff,<br><br>v.<br><br>DAVID H. JAFFE, MARGARET E. JAFFE,<br>KENN KIMM ROGERS, MINDY JAFFE<br>ROGERS<br><br>      Defendants.<br><br>and<br><br>BALDWIN & ASSOCIATES CONSTRUCTION<br>INC., BALDWIN ASSOCIATES INC.;<br>BALDWIN ASSOCIATES LLC; NEW<br>BALDWIN ASSOCIATES, LLC; MAYFLOWER<br>REALTY CO. LLC; BEST VALLEY REALTY;<br>DAVID JAFFE MANAGEMENT CO.;<br>LAKESIDE GARDEN APARTMENTS; SO.<br>CLINTON PARTNERSHIP and VILLAGE<br>APARTMENTS;<br>THE JAFFE FAMILY 2002 IRREVOCABLE<br>TRUST; THE JAFFE FAMILY 2003<br>IRREVOCABLE TRUST; THE JAFFE FAMILY<br>2004 IRREVOCABLE TRUST; THE JAFFE<br>FAMILY 2005 IRREVOCABLE TRUST;<br>MINDY JAFFE ROGERS, TRUSTEE OF<br>ASSETS AND TRUST ASSETS OF DAVID H.<br>JAFFE AND MARGARET E. JAFFE; MINDY<br>JAFFE ROGERS, OWNER/PRIMARY<br>BENEFICIARY OF WHOLE LIFE INSURANCE<br>POLICIES ISSUED BY PACIFIC LIFE<br>INSURANCE CO. POLICY NUMBERS<br>UNKNOWN ON LIFE OF DAVID H. JAFFE<br>AND MARGARET E. JAFFE; MINDY JAFFE<br>ROGERS, PRIMARY BENEFICIARY OF<br>TERM LIFE INSURANCE POLICIES ISSUED<br>BY NORTH AMERICAN LIFE INSURANCE | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.:  ESX-L-7205-07<br><br><br><br>*Civil Action*<br><br><br>**CERTIFICATION OF SERVICE** |

CO. POLICY #S UNKNOWN ON LIFE OF
DAVID H. JAFFE AND MARGARET E.
JAFFE; MINDY JAFFE ROGERS,
OWNER/PRIMARY BENEFICIARY OF TERM
LIFE INSURANCE CO. POLICY #S
UNKNOWN ON LIFE OF DAVID H. JAFFE
AND MARGARET E. JAFFE;

        Additional Defendants for
        Injunctive Relief.

       The undersigned hereby certifies that the original of the within Notice of Filing/Notice of Removal has been submitted for filing to:

                Clerk
                United States District Court
                District of New Jersey
                Martin Luther King, Jr. Federal Building & Courthouse
                50 Walnut Street
                Newark, New Jersey 07102

Via Electronic Court Filing ("ECF");

and true copies have been served upon:

                Essex County Clerk
                Superior Court of New Jersey
                465 Dr. Martin Luther King, Jr. Blvd.
                Newark, New Jersey 07102

                Elizabeth Silver Fagan
                10 Ferncliff Terrace
                Short Hills, New Jersey 07078
                Plaintiff Pro Se

                Edward D. Fagan, Esq.
                5 Penn Plaza, 23rd Floor
                New York, NY 10001
                Plaintiff Pro Se

                /s/ Peter W. Till
                Peter W. Till

Dated:  January 30, 2008