UNITED STATES DISTRICT COURT
For the
DISTRICT OF NEW JERSEY

2008 FEB 22  P 1

```
-------------------------------------------------------- X
Elizabeth Silver – Fagan et al,            :
                          Plaintiffs,      :        CIVIL ACTION #
                                           :        08-cv-0640 (PGS)
        -  vs –                            :
                                           :
David H. Jaffe, et al                      :
                          Defendants       :
-------------------------------------------------------- X
```

==============================================================

### SUPPLEMENTAL NOTICE OF MOTION (i) FOR LIMITED JURISDICTIONAL DISCOVERY RELATED TO DEFENDANTS' CLAIMS OF ALLEGED "FRAUDULENT JOINDER TO DEFEAT JURISDICTION", (ii) DEPOSITIONS OF PLAINTIFFS DAVID H. JAFFE, MARGARET E. JAFFE, (iii) PRESERVATION OF EVIDENCE AND FOR OTHER RELIEF

==============================================================

**PLEASE TAKE NOTICE** that the above referenced Plaintiffs will move this

Honorable Court, on March 3, 2008 or as soon as counsel can be heard, at the United States

District Court for the District of New Jersey, before the Honorable Peter G. Sheridan, USDJ,

located at the United States District Court for the District of New Jersey, 50 Walnut Street,

Newark, NJ 07102 for relief, in addition to that sought in the Plaintiffs' February 6, 2008

Motion for Summary Remand and which Motion already pending and scheduled to be submitted

on March 3, 2008, for, among other things:

    (i)    Limited Jurisdictional Discovery related to allegations by Defendants Counsel

            Peter W. Till of alleged *"fraudulent joinder to defeat jurisdiction"*;

    (ii)    Depositions of Plaintiffs David H. Jaffe and Margaret E. Jaffe, pursuant to FRCP

            26 (d) (2);

    (iii)    Convening of an expedited status Conference pursuant to FRCP Rule 16 related to

            Preservation of Evidence;

    (iv)    For such other relief as the Court deems just and equitable.

**PLEASE TAKE FURTHER NOTICE** that Plaintiffs make this Motion under the following specific provisions of the Federal Rules of Civil Procedure, Local Rules of the District of New Jersey.

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Plaintiffs are submitting the Declaration of Elizabeth Silver Fagan and Edward D. Fagan Plaintiffs Pro Se.

**PLEASE TAKE FURTHER NOTICE** Plaintiffs will also rely upon the accompanying Letter Memorandum in support of the Supplemental Motion.

**PLEASE TAKE FURTHER NOTICE** that defendants shall serve their opposition, if any, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District of New Jersey and/or at such other date as may be set by the Court.

Dated:  February 21, 2008
      Short Hills, NJ

Elizabeth Silver Fagan
10 Ferncliff Terrace
Short Hills, NJ  07078
Tel. (973) 699-3380
Plaintiff Pro Se

Dated:  February 21, 2008
      New York, NY

Edward D. Fagan
10 Ferncliff Terrace
Short Hills, NJ  07078
Tel. (917) 239-4989
- and -
5 Penn Plaza, 23rd Floor
New York, NY  10001
Tel. (646) 378-2225
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing

**SUPPLEMENTAL NOTICE OF MOTION (i) FOR LIMITED JURISDICTIONAL DISCOVERY RELATED TO CLAIMS BY DEFENDANTS' COUNSEL PETER W. TILL OF ALLEGED "FRAUDULENT JOINDER TO DEFEAT JURISDICTION", (ii) DEPOSITIONS OF PLAINTIFFS DAVID H. JAFFE, MARGARET E. JAFFE, (iii) EXPEDITED FRCP RULE 16 CONFEERENCE AND (iv) FOR OTHER RELIEF**

to be filed with the Clerk of the Court and served on Defendants' counsel by 1st class mail postage prepaid, fax and email to:

Peter W. Till Esq.
105 Morris Avenue, Suite 201
Springfield, NJ  07081
Tel. # (973) 258-0064
Fax # (973) 258-0478
Email: tilllaw@aol.com

And

Margaret E. Rogers
Defendant Pro Se
73 Beechwood Road
Summit, NJ  07901
Defendant Pro Se

Dated:  February 21, 2008
Short Hills, NJ

_____
Elizabeth Silver Fagan

Dated:  February 21, 2008
New York, NY

_____
Edward D. Fagan

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
---------------------------------------------------------- X
Elizabeth Silver – Fagan et al,                          :
                                    Plaintiffs,           :        CIVIL ACTION #
                                                         :        08-cv-640 (PGS)
        -   vs –                                          :
                                                         :
David H. Jaffe, et al                                    :
                                    Defendants   :
---------------------------------------------------------- X
```

## DECLARATIONS OF ELIZABETH SILVER FAGAN AND EDWARD D. FAGAN IN SUPPLEMENTAL NOTICE OF MOTION (i) FOR LIMITED JURISDICTIONAL DISCOVERY RELATED TO DEFENDANTS' CLAIMS OF ALLEGED "FRAUDULENT JOINDER TO DEFEAT JURISDICTION", (ii) DEPOSITIONS OF PLAINTIFFS DAVID JAFFE, MARGARET JAFFE PURSUANT TO FRCP 26(d)(2), (iii) FRCP 16 STATUS CONFERENCE TO ADDRESS EVIDENCE PRESERVATION and (iv) FOR OTHER RELIEF

Elizabeth Silver – Fagan and Edward D. Fagan, hereby declare as follows:

1. We are plaintiffs in this action and we make this Declaration in support of the Motion for Summary Remand and other relief.

2. We submit this Declaration in support of our Supplemental Motion for:

   a. Limited Jurisdictional Discovery to respond to the allegations that have been made by Defendants counsel Peter W. Till Esq. in which he claims that there has been "fraudulent joinder to defeat jurisdiction";

   b. Depositions of Plaintiffs David H. Jaffe and Margaret E. Jaffe, pursuant to FRCP 26 (d) (2);

   c. An expedited FRCP Rule 16 Conference to address evidence preservation and jurisdiction issues; and

   d. For other relief.

1

3.  At the outset, we object to Defendants' counsel statement that he *"know(s) the facts of this case"* and then proceeds to (i) misrepresent the allegations that were made in the Amended Complaint, (ii) suggest that we did not name or intend to pursue a claim against Defendant Rogers, and (iii) mischaracterize and/or misquote statements from our Declarations to this Court.

## PROPER JOINDER / NON-DIVERSE PARTIES & BONA FIDE CLAIMS

4.  To date, Defendants' counsel Till – on behalf of Defendant David H. Jaffe ("Defendant D. Jaffe"), Margaret E. Jaffe ("Defendant M. Jaffe"), Mindy A. Rogers ("Defendant M. Rogers"), Ken Rogers ("Defendant K. Rogers") (collectively "Defendants") – submitted sworn certifications and/or pleadings that (i) contain misrepresentations or incorrect statements of fact and (ii) misrepresent allegations that we have made and sworn to in our submissions to this Court.  By way of example,

    a.  At ¶ 3, lines 13 – 16 of Defendants' counsel Till's February 12, 2008 Memorandum he suggested that we have not sued and are not pursuing a claim against Defendant Rogers. *See Exh. 1.* Yet, Attorney Till was told there was a typographical error in the caption of the Amended Complaint and we omitted Defendant Rogers' name.  Attorney Till knows:

        i.  Defendant Rogers name appeared in the Amended Summons – *See Exh. 2;*

        ii.  Defendant Rogers is identified and/or referenced in and throughout the Amended Complaint at literally every paragraph – *See Exh. 3, ¶¶ 30 – 78, 82 & 83;*

        iii.  the claims against Defendant D. Jaffe, Defendant M. Jaffe, Defendant M. Rogers and Defendant K. Rogers are predicated upon their relationship

2

with, responsibility for and other actions related to Defendant Rogers –
*See Exh. 3, ¶¶ 31, fn 1 - p.7, 32, 33, 34, 35, 41, 42, 43, 46, 47, 50, fn 3 – p.*
*10, 57, 58, 59, 60, 64, 65, 66, 67, 71, 73, 75, 76 & 77;*

iv. the damages demanded in the Amended Complaint are against Defendant
Rogers and all Defendants - *See Exh. 3, ¶¶ 79 & 85;* and

v. Defendant Rogers was served with the Amended Summons even before
the other Defendants were served - *See Exh. 4;*

b. Attorney Till suggests that we made contradictory statements between in the
Amended Complaint and the February 6, 2008 Certification, by suggesting that
we swore the "sole actor" responsible for our damages was Defendant D. Jaffe's
and M. Jaffe's granddaughter, Defendant Margaret Rogers. However, Attorney
Till knows that is not what we said in February 6, 2008 Certification and the
statements in the Certification are consistent with the allegations of the Amended
Complaint. *See Exh. 1, page 4 ;*

c. Attorney Till suggested that Defendant D. Jaffe and Defendant M. Jaffe are
unnecessary parties, that no reasonable cause of action can be maintained against
them and that Plaintiffs Amended Complaint is based upon *"alleged improper*
*child rearing". See Exh. 1, page 6.* However, Attorney Till knows that in
addition to the acts through which Defendants turned Defendant Rogers into the
person she is today, the allegations of the Amended Complaint contain specific
allegations against Defendant D. Jaffe and Defendant M. Jaffe based upon
individual negligence and wrongful acts (including aiding and abetting and/or
assistance of Defendant Rogers) for which acts these Defendants can be held
accountable under the laws of the State of New Jersey for the damages they

3

caused or allowed to be damages to Plaintiffs *See Exh. 3, ¶¶ 45, 46, 47, 50, fn 3 – p. 10, 57, 58, 59, 60, 64, 65, 66, 67, 71, 73, 75, 76 & 77.*

5. Attorney Till makes these improper suggestions on behalf of Defendants; however he is not a person with knowledge and whatever he says is not evidence in this case.

6. As the Court will note, there is not a single Declaration or sworn statement from any of the Defendants in support of the allegations that Attorney Till has made.

7. There is not a single Declaration from Defendants to support the suggestions that, among others:

   a. This Court has and should exercise diversity jurisdiction; or

   b. We, as Plaintiffs, fraudulently joined Defendant D. Jaffe and Defendant M. Jaffe to defeat diversity jurisdiction; or

   c. Defendant D. Jaffe and Defendant M. Jaffe should be dismissed as parties to the Amended Complaint; or

   d. Defendant D. Jaffe and Defendant M. Jaffe have no liability based on the facts as articulated in the Amended Complaint; or

   e. We, as Plaintiffs, are not pursuing a claim against Defendants granddaughter – Defendant Rogers; or

   f. There is no basis to suggest that Defendant D. Jaffe or Defendant M. Jaffe or Defendant M. Rogers or Defendant K. Rogers have any liability based on the allegations of the Amended Complaint; or

   g. There is no law in the State of New Jersey pursuant to which Defendant D. Jaffe or Defendant M. Jaffe or Defendant M. Rogers or Defendant K. Rogers could be held liable for the actions or inactions as set forth in the Amended Complaint; or

   h. Plaintiffs' claims are frivolous and have no merit.

4

8.  There is not a shred of credible evidence to support Attorney Tills' submissions, nor does he accurately reflect the law upon which our claims are based.

9.  The facts of this case are as follows:

    a.  Defendant D. Jaffe or Defendant M. Jaffe or Defendant M. Rogers or Defendant K. Rogers knew of the dangerous propensities of Defendant Rogers;

    b.  Defendant D. Jaffe or Defendant M. Jaffe or Defendant M. Rogers or Defendant K. Rogers knew of the dangerous psychological and/or emotional conditions of Defendant Rogers and that her conditions were going to cause damages to us;

    c.  Defendant D. Jaffe or Defendant M. Jaffe or Defendant M. Rogers or Defendant K. Rogers had the opportunity and ability to stop Defendant Rogers from doing damage to us;

    d.  Defendant D. Jaffe or Defendant M. Jaffe or Defendant M. Rogers or Defendant K. Rogers had the opportunity and ability to warn us;

    e.  Instead of warning us, Defendant D. Jaffe or Defendant M. Jaffe or Defendant M. Rogers or Defendant K. Rogers kept quiet about the dangerous propensities of Defendant Rogers; and

    f.  Instead of stopping Defendant Rogers from the harm she was going to cause us, Defendant D. Jaffe or Defendant M. Jaffe helped her cause the damages to us;

10. With this Declaration, Plaintiffs are submitting certain documents that we believe are relevant to the Court's considerations at this procedural stage.

11. The documents fall into the following categories:

    a.  Documents showing Plaintiffs prosecution of claims against Non-Diverse Defendants, which fact alone warrants summary remand;

    b.  Documents showing Defendants David Jaffe's and Margaret Jaffe's direct

involvement with, involvement in and responsibility for some of the negligent acts which form the basis of Plaintiffs Complaint, which demonstrate that there has been no frivolous joinder;

c. Documents showing Defendants David Jaffe's and Margaret Jaffe's involvement and responsibility for medical and/or emotional conditions related to their granddaughter which documents demonstrate that there has been no frivolous joinder; and

d. Documents showing that certain evidence is in jeopardy of potential destruction and which documents and/or other evidence need to be preserved.

12. Plaintiffs are submitting documents related to Defendant Margaret Rogers medical and/or psychological condition(s) that relate to the underlying causes of action for the Court's in camera consideration. We are submitting these documents for this in camera inspection to insure that they remain Confidential and because we have learned that certain persons are threatening to disclose and/or publish medical and other confidential records related to the parties in this litigation.

13. The documents show that, contrary to Attorney Tills' suggestions, Defendant D. Jaffe and Defendant M. Jaffe:

   a. Provided legal representation for Defendant Rogers;

   b. Provided medical and psychological care and treatment for Defendant Rogers;

   c. Provided computers, phones, transportation, food, clothing and support;

   d. assumed responsibility and liability for Defendant Rogers as far back as 1998;

   e. Were directly involved with and/or assisted Defendant Rogers since August 28, 2007.

14. The evidence shows that Defendant D. Jaffe knew what Defendant Rogers was doing to

6

us and both he and Defendant M. Jaffe helped Defendant Rogers do the things to us.

15. By way of example only, on Sept. 7, 2007, Defendant D. Jaffe picked up Defendant Rogers at the Millburn Police Department, drove her to the Scotch Plains Police Department and helped her fill out the false Police Report with the fabricated evidence that was prepared using the computer equipment they provided to her and which led to our being arrested for an alleged violation of a Temporary Restraining Order that they helped her obtain in the first place.

16. The evidence also shows that, among other things:

    a. Defendant D. Jaffe and M. Jaffe had a pre-existing duty to warn us of the dangers presented by Defendant Rogers because of their economic control over Defendant Rogers, because of Defendant Rogers' dependence on them for computers, phones and mobility;

    b. When Defendant D. Jaffe and Defendant M. Jaffe learned that we had a claim against them, they left the State of New Jersey in an effort to make it more difficult for us to prosecute these claims;

    c. Defendant D. Jaffe and Defendant M. Jaffe have done everything in their power to interfere with our ability to prosecute these claims.

## LIMITED DEPOSITIONS AND PRESERVATION OF EVIDENCE

17. As the Court addresses these issues, Plaintiffs urge the Court to also consider the fact that Defendant D. Jaffe and Defendant M. Jaffe are in their 80s and their health is failing. Defendant D. Jaffe is over 83 years of age and has had severe heart problems. Defendant M. Jaffe suffered a stroke and has had at least one hip replacement.

18. Plaintiffs should be entitled to conducted limited jurisdictional discovery, including the depositions of Defendant D. Jaffe and Defendant M. Jaffe, with regard to the allegations

7

that this Court has diversity jurisdiction because of Plaintiffs alleged "fraudulent joinder" of Defendant D. Jaffe and Defendant M. Jaffe.

19. In addition to the limited jurisdictional discovery, there is a need to preserve evidence that is in danger of being destroyed.

20. We have been informed that many of the records related to the medical and/or psychological conditions from which Defendant Rogers suffers and at the facilities where she was treated (i) started to be destroyed in 2005 and (ii) others are subject to destruction in the normal course of business between 7 – 10 years which means they need to be preserved immediately.  *See Exhibits 12  to 18.*

21. We have also discovered certain Court records and/or records related to Court appointed professionals related to Plaintiffs' claims against all Defendants are in danger of being destroyed because they are approaching the maximum retention period of 7 years. *See Exhibit 18.*

22. In addition to the need to preserve records in the possession of third parties, there is a need to preserve electronically stored data on Defendants' computers and email systems. *See Exhibits 13 to 18.*

23. In further support for this Motion for Supplemental Relief and the relief sought in the Feb. 6th Motion, we are submitting a separate Letter Memorandum of Law responding the suggestions by Attorney Till there is no law in the State of New Jersey that could impose liability on a Defendant (such as his clients) for failing to take action when he or she is under a duty to act in accordance with the principals enunciated in *Podias v. Mairs 394 N. J. Super. 338, 346-350 (2007) cert. denied 192 N.J. 482 (2007) (imposition of liability on passengers in a car for failing to call for emergency aid after an accident)* and *Batoff v State Farm Ins. 977 F. 2d 848 (3rd Cir. 1992) (which Attorney Till failed to reference in*

8

*his Feb. 12th Memorandum in which he relied on the older case of Abels v State Farm*

*Fire & Cas. Co. 770 F. 2d 26 (3rd Cir. 1985))*.  These standards for the imposition of

liability are, of course, in addition to the traditional standards for the imposition of

liability on Defendants for aiding and abetting and other wrongful acts that lead to

damages.

24. We respectfully request that the relief be granted in its entirety.

## DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated:  February 21, 2008
      Short Hills, NJ

                                      Elizabeth Silver Fagan
                                        Plaintiff Pro Se

## DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated:  February 21, 2008
      New York, NY

                                        Edward D. Fagan
                                      Plaintiff Pro Se

9