UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

ELIZABETH SILVER FAGAN, et al.,

        Plaintiffs,

v.

DAVID H. JAFFE, et al.,

        Defendants.

Civil Action No. 08-640 (PGS)

**REPORT AND RECOMMENDATION**

**SALAS, United States Magistrate Judge**,

    Before the Court is Plaintiffs' motion to remand (Docket Entry No. 3.)  Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Peter G. Sheridan, United States District Judge, has referred the motion to the Undersigned for Report and Recommendation.  For the reasons set forth below, the Undersigned recommends granting Plaintiffs' motion.

**I. BACKGROUND**

    Plaintiffs Elizabeth Silver-Fagan ("Silver-Fagan") and Edward D. Fagan ("Fagan") (collectively, "Plaintiffs") filed an Amended Complaint on December 31, 2007, in New Jersey Superior Court against Defendants David Jaffe, Margaret Jaffe, Kenn Rogers, Mindy Rogers, Margaret Rogers[1] and a whole host of corporate defendants (collectively, "Defendants").  (*See*

---

[1] Defendants contend that pursuant to 28 U.S.C. § 1441(b), Margaret Rogers can be ignored for purposes of removal because she was not named in the caption of the Amended Complaint, and therefore is an unserved person that cannot destroy diversity.  (Def. Opp. Br. at 3.)  Plaintiffs argue that her omission from the caption of the Amended Complaint was a clerical error as it evident from the Amended Complaint that her name appears frequently throughout the Amended Complaint and that the causes of action are predicated on her actions.  Margaret Rogers name did appear on the amended summons.  As discussed below, the Court recommends

*generally* Am. Compl.)  The Court will not explore in detail the particulars of Plaintiffs' long-winded and chaotic amended complaint but will set forth the basic facts surrounding Plaintiffs' claims.

In or about October 2006, Silver-Fagan and Margaret Rogers engaged in a domestic relationship.  (Am. Compl. ¶ 44.)  During the relationship, Plaintiffs allege that Margaret Rogers stole or obtained by fraud monies, items of value, travel and entertainment expenses, and room and board from Silver-Fagan.  (*Id*. ¶ 53).  Also during the relationship, Plaintiffs allege that Margaret Rogers was violent against Silver-Fagan and her children, and when asked to leave, Margaret Rogers made harassing phone calls, e-mails, filed frivolous complaints, filed false reports, and impersonated and stole Silver-Fagan's identity.  (*Id*. ¶¶ 63, 72, 73.)

Plaintiffs also claim that Margaret Rogers's destructive and violent behavior was the direct result of long-term physical and emotional abuse committed at the hands of her parents Kenn and Mindy Rogers and her grandparents David and Margaret Jaffe.  (*See generally* Am. Compl.)  The Plaintiffs claim that the individual defendants are responsible for and/or helped facilitate the harms committed by Margaret Rogers.  (Am. Compl. ¶ 31.)  The corporate defendants are entities from which the individual defendants have either concealed or transferred money, and by doing so have assisted Margaret Rogers in damaging Plaintiffs and/or hindering the use of said monies to satisfy any future judgment against the defendants.  (*Id.* ¶¶ 8-18.)  These businesses are alleged to be located either in New Jersey or Florida.  (*Id.*)

On February 5, 2008, Defendants removed this action to federal court.  The justifications for removal are not known as the Notice of Removal did not contain an assertion of jurisdiction.

---

remand for reasons aside from these arguments and therefore declines to decide this issue.

Shortly thereafter, the Plaintiffs filed the present motion for summary remand pursuant to 28 U.S.C. § 1446(c)(4).[2]

## II. DISCUSSION

In order to remove an action to federal court, a defendant must comply with the statutory requirements of 28 U.S.C. §§ 1441 and 1446. *Meltzer v. Continental Insurance Co.*, 163 F. Supp. 2d 523, 525 (E.D.Pa. 2001). First, the court must have original jurisdiction over the case. 28 U.S.C. § 1441(a). As federal courts are of limited jurisdiction, the action must arise under the Constitution or laws and treaties of the United States, or the matter in controversy must exceed $75,000 and consist of a dispute between citizens of different States. 28 U.S.C. §§ 1331, 1332. Second, the defendant must include within the Notice of Removal "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Removal statues are to be strictly construed against removal, and all doubts are to be construed in favor of remand. *Entrekin v. Fisher Scientific Inc.*, 146 F.Supp.2d 594, 604 (D.N.J. 2001). The burden of establishing jurisdiction rests on the party asserting federal jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Plaintiffs seek to remand this case on the basis that the Amended Complaint does not present a federal question and that there is no diversity of citizenship. (Pls. Br. at 4.) Plaintiffs' argument rests on this basic assertion without elaboration, as it seems clear to them that this Court does not have jurisdiction. Plaintiffs also argue that the Notice of Removal is defective because it does not contain "a short and plain statement of the grounds for removal" as mandated by 28 U.S.C. 1446 (a), and the Notice of Removal was not accompanied by a Case Information

---

[2] 28 U.S.C. § 1446(c)(4) states that a district court can summarily remand an action if it appears on the face of the notice and exhibits attached that removal should not be permitted.

Statement.³  (*Id*. at 2-3.)

Defendants contend that federal jurisdiction is proper at this time because the two non-diverse defendants, David and Margaret Jaffe, were fraudulently joined. (Defs. Opp. Br. at 1). Defendants argue that as grandparents of Margaret Rogers, they cannot be held responsible for any of the actions of their adult granddaughter. (*Id*. at 6).  Defendants do not address Plaintiffs' argument that failed to file a proper Notice of Removal.

Before this Court addresses the merits of Defendants' arguments against remand, it must determine the basis for jurisdiction.

**A.    Basis for Removal**

The purpose of a notice of removal is to apprise the court of the basis for which the defendant believes removal is proper. *Newlin v. Dickey*, NO. 89-A-64, 1989 WL 18125, at * 2 (D. Colo. Feb. 27, 1989) (citations ommitted); *Wormley v. Southern Pacific Transp. Co. et al.*, 863 F.Supp. 382, 384 (E.D.Tex. 1994) ("[t]he facts plead in the removal petition are the basis for federal court jurisdiction").  Because the Defendants did not include "a short and plain statement of the grounds for removal" in their Notice of Removal the Court is left to surmise the basis of jurisdiction. In doing so, a court can look beyond the face of the petition to determine jurisdiction. *Newlin*, 1989 WL 18125 at *2; *Meltzer*, 163 F.Supp.2d at 526 (finding that a court can look to the entire record to determine if diversity jurisdiction is met).

Looking at the amended complaint it is clear that the only possible basis upon which jurisdiction can conceivably be established is diversity jurisdiction.  Plaintiffs' Amended Complaint does not plead or reference any federal law or issue and asserts only state law

---

³ Shortly after Plaintiffs filed the present motion, Defendants filed a case information statement.  (Docket Entry No. 5.)

negligence claim, thereby leaving only diversity as the grounds for jurisdiction. The Court will therefore assume for the purposes of this motion that diversity jurisdiction is the basis for removal.

**B.     Propriety of Removal**

When a defendant's basis for jurisdiction is diversity, the burden is on the removing party to show that complete diversity exists at the time of removal. *See Meltzer*, 163 F.Supp.2d at 525-27; *Louisiana Pigment Co., L.P. v. Foundation Systems, Inc.*, No. 05-1840, 2006 WL 1453047, at *1 (W.D.La. March 3, 2006); *KB Home Phoenix, Inc. v. Owners Insurance Co., et al.*, No. 07-1257, 2007 WL 2288146, at *1 (D. Ariz. Aug. 8, 2007). Failure to do so can lead to remand. *Meltzer*, 163 F.Supp.2d at 526.

For example, in *Meltzer*, the defendant removed the action on the basis of diversity jurisdiction. *Id*. at 524. In the removal papers, the defendant stated that it was incorporated under the laws of New Hampshire and had "a" principal place of business in Illinois. *Id*. The plaintiff moved to remand the action on the basis that the notice of removal was insufficient to claim diversity of citizenship. *Id*. The court found that the defendant's notice of removal was deficient because it did not plead the requirements of 28 U.S.C. § 1332(c)(1), which states that a corporation is deemed a citizen of any State where it is incorporated and has "its" principal place of business. *Id*. at 525. Based upon the statutory language and established Third Circuit precedent, the court found that a corporate defendant must include in the notice of removal its place of incorporation and its principal place of business. *Id*. at 525-26 (citing *Hunt v. Acromed*, 961 F.2d 1079 (3d Cir. 1992). Merely alluding to "a" principal place of business would not suffice. *Id* at 526. Therefore, the court remanded the case, finding that the defendant's notice of

removal was defective because it did not contain the corporate defendant's principal place of business. *Id*.

Similarly, in *Louisiana Pigment Co., L.P.*, the court found that when the defendants did not state in the notice of removal the citizenship of any of the defendants, remand was proper. 2006 WL 1453047 at * 1. In the "absence of the requisite jurisdictional facts, the record fails to establish diversity jurisdiction." *Id*.

So too here. Because Defendants have not included in the notice of removal the facts setting forth jurisdiction or the jurisdictional basis for removal, the Court has no choice but to find that they have not satisfied their burden of establishing the existence of federal jurisdiction. *Id*; *Maxon v. Texaco Refining and Marketing Inc.*, 905 F.Supp. 976, 978-79 (N.D.Ok. 1995) (remanding case when notice of removal did not affirmatively establish that the requisite amount in controversy is established); *Standard Liquor Corp. v. King Windery, Inc.*, No. 97-1503, 1997 WL 752643 (D.Kan. Nov. 25, 1997) (same). Defendants' failure to provide in the notice of removal the citizenship of any of the parties, let alone the jurisdictional basis for removal, is a blatant attempt to circumvent the removal process. It leaves the Court guessing as to whether it has jurisdiction over the matter.

Moreover, where as here, Plaintiffs' amended complaint alleges that several of the corporate defendants are located in New Jersey, it is imperative that Defendants provide the state of incorporation and the principal place of business for these corporations if they seek to premise removal on diversity jurisdiction. Even if this Court were to assume that Defendants are correct and that the in-state individual Jaffe defendants were fraudulently joined and thus can be ignored for jurisdictional purposes, *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006), that still leaves the

remaining corporate defendants who may be citizens of New Jersey, thereby defeating diversity jurisdiction. Either way, Defendants have not provided any information that would provide this Court with adequate grounds to maintain the action in federal court. Additionally, the Court has scoured the record and failed to find a basis for federal jurisdiction.

Accordingly, because Defendants have failed to include in the notice of removal a short and plain statement of the grounds for removal, and Defendants have been apprised of their failure to do si (in Plaintiffs' moving papers), they have not satisfied their burden of establishing federal jurisdiction. This Court therefore commends that the action be remanded.

### III. FEES

Plaintiffs also seek to recover costs associated with filing the motion to remand, pursuant to 28 U.S.C. § 1927. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Plaintiffs argue that costs should be awarded because Defendants' counsel knew that this Court did not have jurisdiction over the case and the motives for removal were to frustrate the Plaintiffs from pursuing their causes of action. (Pls. Mov. Br. at 6.) The Court disagrees. The Court declines to award fees in this case because it is entirely possible that the Jaffe defendants were in fact fraudulently joined and that the corporate defendants are not citizens of New Jersey. The basis of the Court's recommendation to remand is solely based on the fact that Defendants have failed to provide this Court with the basis for jurisdiction. Thus, the Court does not need to address whether in fact there is jurisdiction. Accordingly, no fees are awarded.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that the District Court **GRANT** Plaintiffs' motion to remand.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**
